Valerie M. Goo (CA Bar No. 187334)
  VGoo@crowell.com
Branden Nikka (CA Bar No. 352943)
  BNikka@crowell.com
Kendyl Barnholtz (CA Bar No. 359694)
  KBarnholtz@crowell.com
CROWELL & MORING LLP
515 South Flower Street
41st Floor
Los Angeles, CA 90071
Telephone:  213.622.4750
Facsimile:   213.622.2690

Scott L. Winkelman (DC Bar No. 416747) (admitted pro hac vice)
  Swinkelman@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  202.624.2500
Facsimile:   202.628.5116

Robert A. Mantel (NY Bar No. 5128756)
(admitted pro hac vice)
  RMantel@crowell.com
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone:  212.223.4000
Facsimile:   212.223.4134
Attorneys for *Defendant*
NUNA BABY ESSENTIALS, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NUNA BABY ESSENTIALS RAVA LITIGATION | Case No. 3:25-cv-01284-AMO<br><br>**DEFENDANT NUNA BABY ESSENTIALS, INC.'S NOTICE OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Relates to Docket No. 69]<br><br>Date:        April 16, 2026<br>Time:        2:00 p.m.<br>Place:       Courtroom 10, 19th Floor<br><br>Judge: Hon. Araceli Martínez-Olguín |

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

5
*Aegis Senior Communities LLC v. UKG Inc.*,
    No. 23-cv-01076-AMO, 2024 WL 4093912 (N.D. Cal. Sept. 4, 2024)
6
    (Martínez-Olguín, J.)......................................................................................... 15

7
*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................................. 8
8

9
*Balboa Cap. Corp. v. Shaya Med. P.C. Inc.*,
    623 F. Supp. 3d 1059 (C.D. Cal. 2022)............................................................... 3

10
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................. 8
11

12
*Caltex Plastics, Inc. v. Lockheed Martin Corp.*,
    824 F.3d 1156 (9th Cir. 2016)............................................................................. 8

13
*Cheramie v. HBB, LLC*,
    545 F. App'x 626 (9th Cir. 2013) ...................................................................... 14
14

15
*In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Products. Liab.
    Litig.*,
16
    295 F. Supp. 3d 927 (N.D. Cal. 2018) ................................................................ 9

17
*Cork v. CC-Palo Alto, Inc.*,
    534 F. Supp. 3d 1156 (N.D. Cal. 2021) ............................................................ 14
18

19
*Deras v. Volkswagen Grp. of Am., Inc.*,
    No. 17-cv-05452-JST, 2018 WL 2267448 (N.D. Cal. May 17, 2018) ........... 11, 13

20
*Doyle v. FKA Distrib. Co., LLC*,
21
    No. 2:23-cv-10807-SPG-SSC, 2025 WL 3804500 (C.D. Cal. June 13, 2025).... 12

22
*Ibarra v. United States*,
    120 F.3d 472 (4th Cir. 1997).............................................................................. 8
23

24
*Khanna, et al. v. Nuna Baby Essentials, Inc.*,
    No. 3:25-cv- 01284, ECF No. 1 ...................................................................... 3, 4

25
*Knappenberger v. City of Phx*,
26
    566 F.3d 936 (9th Cir. 2009).............................................................................. 8

27
*Leining v. Foster Poultry Farms, Inc.*,
    61 Cal. App. 5th 203 (2021), *as modified* (Mar. 15, 2021)......................... 14, 15
28

Privileged and Confidential
Attorney Work Product

*Lopez v. Nissan N. Am., Inc.*,
  201 Cal. App. 4th 572 (2011)................................................................................................. 14

*Muldoon v. DePuy Orthopaedics, Inc.*,
  No. 15-cv-02723-PJH, 2025 WL 604970 (N.D. Cal. Feb. 25, 2025) .................................... 14

*Ng v. Nissan N. Am., Inc.*,
  No. 23-cv-000875-AMO, 2023 WL 9150275 (N.D. Cal. Dec. 27, 2023)
  (Martínez-Olguín, J.)................................................................................................................ 9

*Nickerson v. Goodyear Tire and Rubber Corp.*,
  No. 8:20-cv-00060-JLS-JDE, 2020 WL 4937561 (C.D. Cal. June 3, 2020) ........................ 11

*Oestreicher v. Alienware Corp.*,
  544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd by* 322 F. App'x 489 (9th Cir.
  2009) ......................................................................................................................................... 9

*Pelufo, et al. v. Nuna Baby Essentials, Inc.*,
  No. 3:25-cv-02961 .............................................................................................................. 3, 4

*Roberts v. Nuna Baby Essentials, Inc.*,
  No. 2:25-cv-02209-KKE (ECF No. 39) ................................................................................... 8

*Sloan v. Gen. Motors LLC*,
  287 F. Supp. 3d 840 (N.D. Cal. 2018) ................................................................................... 12

*Spectravest, Inc. v. Mervyn's Inc.*,
  673 F. Supp. 1486 (N.D. Cal. 1987) ...................................................................................... 13

*Tomek v. Apple, Inc.*,
  No. 2:11-CV-02700-MCE, 2012 WL 2857035 (E.D. Cal. July 11, 2012) ............................ 14

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices., & Products. Liab.
  Litig.*,
  349 F. Supp. 3d 881 (N.D. Cal. 2018) ................................................................................... 10

*Williams v. Yamaha Motor Co.*,
  851 F.3d 1015 (9th Cir. 2017)......................................................................................... 11, 13

*Wilson v. Hewlett-Packard Co.*,
  668 F.3d 1136 (9th Cir. 2012)................................................................................................ 10

*Winzler v. Toyota Motor Sales U.S.A.*,
  681 F.3d 1208 (10th Cir. 2012)............................................................................................... 3

**Statutes**

15 U.S.C. § 2301, *et seq.*........................................................................................................ 4

Cal. Bus. & Prof. Code § 17200, *et seq.* ........................................................................ 4, 5, 8

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT;
CASE NO. 3:25-CV-01284-AMO

Privileged and Confidential
Attorney Work Product

Cal. Bus. & Prof. Code § 17500 ............................................................................... 5, 8

Cal. Bus. & Prof. Code § 17500, *et seq.* ..................................................................... 4

Cal. Civ. Code §§ 1750–1784 .................................................................................... 5, 8

Cal. Civ. Code § 1750, *et seq.* .................................................................................... 4

Cal. Civ. Code § 1790, *et seq.* .................................................................................... 4

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 1, 8

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT;
CASE NO. 3:25-CV-01284-AMO

Privileged and Confidential
Attorney Work Product

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ............................................................................................. 1

II.   FACTUAL AND PROCEDURAL BACKGROUND............................................ 3

   A.   The Rava Recall and Plaintiffs' Initial Pleadings ................................. 3

   B.   The Court Dismisses Plaintiffs' Complaint ........................................... 4

   C.   The FAC Repeats the Same Deficient Allegations ................................. 5

III.   LEGAL STANDARD ....................................................................................... 8

IV.   ARGUMENT .................................................................................................. 8

   A.   Plaintiffs again still fail to adequately plead their fraud-based claims (Fraud, Negligent Misrepresentation, CLRA, UCL, FAL) (Counts 1–5) ............................................................ 8

      1.   Plaintiffs still fail to allege actionable misrepresentations or reliance............................ 8

      2.   Plaintiffs still fail to plead omission-based claims because they do not plausibly plead presale knowledge that could give rise to a duty to disclose. ................................ 10

      3.   The negligent misrepresentation claim fails for additional reasons (count 2) ............... 14

V.   CONCLUSION ............................................................................................... 15

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT;
CASE NO. 3:25-CV-01284-AMO

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 16, 2026, at 2:00 p.m. or as soon thereafter as counsel may be heard, in Courtroom 10 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Nuna Baby Essentials, Inc. ("Defendant"), will and does move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing plaintiffs Tina Marie Barrales's, Alyna Smith's, Mariana Bernasconi Pelufo's, and Behnaz Faridian Kade's, individually and on behalf of all others, (collectively, "Plaintiffs"), First Amended Consolidated Class Action Complaint ("FAC") on the grounds that Plaintiffs' claims fail to state a claim upon which relief can be granted. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the [Proposed] Order, and such other documents and information that the Court may consider.

## STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(A)(3))

1. Whether Plaintiffs' fraud-based claims (Counts 1–5) should be dismissed because Plaintiffs fail to allege any actionable misrepresentation or omission.

2. Whether Plaintiffs' fraud-based claims (Counts 1–5) should be dismissed because Plaintiffs fail to allege reliance on alleged misrepresentations.

3. Whether Plaintiffs' omission-based fraud claims (Counts 1–5) should be dismissed because Plaintiffs fail to allege a duty to disclose.

4. Whether Plaintiffs' negligent misrepresentation claim (Count 2) should be dismissed because there is no allegation of physical injury and no allegation of membership in a limited group for whose benefit the representation was made.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In dismissing Plaintiffs' previous complaint, this Court laid out straightforward, unambiguous guidance on what Plaintiffs must do if renewed claims are to survive dismissal. Plaintiffs' First Amended Consolidated Class Action Complaint ("FAC") fails this guidance. While

Privileged and Confidential
Attorney Work Product

1  Plaintiffs reduce their claims from ten to five (dropping the warranty-based and unjust enrichment

2  claims), reduce their named plaintiffs from eight to four, and eliminate their pleas for a nationwide

3  class and for punitive damages, Plaintiffs do not cure the fatal defects in their prior complaint.

4      As to Plaintiffs' affirmative misrepresentation-based claims, the Court granted Plaintiffs

5  "leave to amend to the extent plaintiffs could allege more specific marketing statements" by Nuna

6  that Plaintiffs actually relied on. *See* Jan. 8, 2026 Hearing Tr. ("Hearing Tr.") at 21:21-22:3, 23:22-

7  24:3, Ex. A.[1]  Plaintiffs have not done so.  The affirmative representations alleged in the FAC are

8  identical to those that appear in the Consolidated Class Action Complaint ("CAC"), (ECF No. 43),

9  save for one non-actionable in-store advertisement that no Plaintiff alleges to have seen.  They

10  remain what they were: non-actionable puffery and generalized statements.  And still absent is any

11  allegation that any Plaintiff read, saw, or actually relied on any Nuna marketing statement before

12  buying their Ravas.  Plaintiffs' negligent misrepresentation claim should be dismissed for the

13  additional independent reason that Plaintiffs do not allege physical injury or membership in a

14  limited group for whose benefit the representation was made.

15      As to Plaintiffs' omission-based claims, the Court stated that Plaintiffs "have to show that

16  [Nuna] had a duty to disclose . . . [by] demonstrating actual knowledge on the part of [Nuna]."  Ex.

17  A at 24:5-12.  They still have not. The only thing Plaintiffs have changed in this regard is to cut

18  and paste additional consumer complaints in an attempt to demonstrate presale knowledge.  But

19  this does not adequately plead presale knowledge of the alleged "Defect."  Plaintiffs fail to heed

20  the Court's guidance that mere "numerosity" is not the appropriate inquiry.  Plaintiffs do not allege

21  any baseline showing that the volume of complaints Nuna received was "unusually high" when

22  compared against the over 600,000 Rava car seats subject to its NHTSA recall, nor allege that the

23  number of complaints is "unusually high" compared to competing car seat products.  Moreover,

24  Plaintiffs allege no facts that would suggest these complaints created any presale knowledge of the

25  alleged defect.  Plaintiffs do not allege that Nuna's response to these complaints was exceptional

26  or out of the ordinary—they allege the opposite, that Nuna's monitoring was "customary."  In fact,

27

28

---

[1] A copy of relevant excerpts from the Hearing Transcript is attached hereto as Exhibit A.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT;
CASE NO. 3:25-CV-01284-AMO

Privileged and Confidential
Attorney Work Product

1    Plaintiffs do not even allege when this supposed presale knowledge arose, and do not limit their

2    allegations to the relevant time period—*i.e.*, prior to Plaintiffs' purchases.

3        Plaintiffs have had numerous opportunities to plead viable claims (five in all), both before

4    and after the underlying actions were consolidated and after receiving express guidance from this

5    Court.  They still fail to state any claims against Nuna.  Plaintiffs' FAC should be dismissed with

6    prejudice.

7    **II.    FACTUAL AND PROCEDURAL BACKGROUND**

8        **A.    The Rava Recall and Plaintiffs' Initial Pleadings**

9        On December 20, 2024, Nuna initiated a recall of its Rava model car seats manufactured

10   between July 16, 2016 and October 25, 2023.  FAC ¶ 54, Ex. A (Recall Notice).  The recall,

11   authorized and overseen by the National Highway Traffic Safety Administration (NHTSA),

12   addresses an aspect of the Rava's design: an uncovered front harness button.  *Id.*  Under the recall,

13   Nuna provides consumers, at no charge, with a kit to clean the harness adjuster area and a new seat

14   pad with a fabric cover over the harness adjuster button (the "Remedy Kit").  *Id.* ¶ 17.  Nuna offers

15   to perform this cleaning for customers who are unable or unwilling to do so and offers

16   reimbursements to customers who paid out of pocket for a replacement before the Remedy Kits

17   were available.  *See id.* ¶ 17; February 21, 2025 Notice Letter ("February Notice Letter") at 3,

18   https://static.nhtsa.gov/odi/rcl/2024/RCONL-24C002-1870.pdf.[2]

19       Plaintiff Barrales and Smith filed a putative class action complaint on February 6, 2025

20   asserting a series of warranty and fraud-based consumer protection claims under California law

21   related to the precise harness adjuster button design feature that the NHTSA recall addresses and

22   resolves.  *Khanna, et al. v. Nuna Baby Essentials, Inc.*, No. 3:25-cv- 01284, ECF No. 1.  On March

23   31, 2025, Plaintiffs Pelufo and Kade filed a separate putative class action complaint, which they

24   subsequently amended, asserting similar claims.  *Pelufo, et al. v. Nuna Baby Essentials, Inc.*, No.

25

26   ───────────────

     [2] The February Notice Letter is available through the NHTSA webpage Plaintiffs cite in the FAC.  *See* FAC ¶ 44.  "The
     contents of an administrative agency's publicly available files, after all, traditionally qualify for judicial notice, even
27   when the truthfulness of the documents on file is another matter."  *Winzler v. Toyota Motor Sales U.S.A.*, Inc., 681 F.3d
     1208, 1213 (10th Cir. 2012) (citations modified); *see Balboa Cap. Corp. v. Shaya Med. P.C. Inc.*, 623 F. Supp. 3d
28   1059, 1066 n.3 (C.D. Cal. 2022) ("[A] court may take judicial notice of government-provided information on its official
     website.") (citing *Stoyas v. Toshiba Corp.*, 896 F.3d 933, 946 n.17 (9th Cir. 2018)).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
                                       FIRST AMENDED CONSOLIDATED
                                       CLASS ACTION COMPLAINT;
                                       CASE NO. 3:25-CV-01284-AMO

Privileged and Confidential
Attorney Work Product

1    3:25-cv-02961, (ECF Nos. 1, 14).  Nuna moved to dismiss both the *Khanna* and *Pelufo* complaints,

2    the parties fully briefed the motions, and the Court subsequently issued an order consolidating the

3    two cases into this action.  Consolidation Order, (ECF No. 41).

4         On August 7, 2025, Plaintiffs filed the CAC, which asserted the following claims on behalf

5    of Plaintiffs and a putative California Subclass: (1) breach of implied warranties; (2) breach of

6    express warranty; (3) breach of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*; (4)

7    violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, *et seq.*; (5) fraud;

8    (6) negligent misrepresentation; (7) violation of the California Consumer Legal Remedies Act, Cal.

9    Civ. Code § 1750, *et seq.*; (8) violation of the Unlawful, Unfair, and Fraudulent Business Acts and

10   Practices, Cal. Bus. & Prof. Code § 17200, *et seq.*; (9) violation of the California False Advertising

11   Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; and (10) unjust enrichment.  CAC ¶¶ 225–332, (ECF

12   No. 43).  Plaintiffs alleged no personal injury, instead contending (with no foundation) that

13   Plaintiffs suffered economic harm in overpaying for their Ravas based on misrepresentations

14   regarding the Ravas' "safety" and Nuna's failure to disclose the alleged defect prior to Plaintiffs'

15   purchases.  *Id.* ¶¶ 272, 276, 284, 293(b), 300(b), 311.

16        **B.    The Court Dismisses Plaintiffs' Complaint**

17        On January 8, 2026, the Court dismissed all of Plaintiffs' claims with or without prejudice.

18   (ECF No. 64).

19        In dismissing the fraud-based claims, the Court explained that the representations alleged

20   in the CAC were non-actionable puffery and granted leave to amend only "to the extent plaintiffs

21   can allege more specific marketing statements made by defendant."  Ex. A at 21:21–22:3.  In

22   addition, Plaintiffs failed to "adequately allege that they relied on misrepresentations."  *Id.* at

23   23:22–24:3.

24        As for the omission claims, the Court found that Plaintiffs failed to plausibly plead Nuna's

25   presale knowledge of the alleged defect, which is essential to establishing a duty to disclose.  The

26   Court found insufficient Plaintiffs' "speculative" allegations of Nuna's October 2023 refresh of the

27   Rava, product testing and allegations of customer complaints.  *Id.* at 25:16–26:13.  As to the

28   customer complaint allegations, the Court recognized that this is not merely a question of

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

Privileged and Confidential
Attorney Work Product

1    "numerosity"; instead, Plaintiffs must allege facts beyond mere numbers sufficient to show that the

2    volume of complaints Nuna received prior to Plaintiffs' purchases was "unusually high" such that

3    the complaints might establish Nuna's presale knowledge. *Id.* at 16:13–16, 25:16–23.

4    ### C.    The FAC Repeats the Same Deficient Allegations

5        On February 6, 2026, Plaintiffs filed their FAC, the fifth pleading to date in these

6    consolidated actions. ECF No. 68. The FAC drops Plaintiffs' warranty-based, unjust enrichment,

7    and punitive damages claims, and asserts only fraud-based claims against Nuna: (1) fraud; (2)

8    negligent misrepresentation; (3) violation of the California's Consumer Legal Remedies Act

9    ("CLRA"), (4) violation of the California's Unfair Competition Law ("UCL"), and (5) violation of

10   California's False Advertising Law ("FAL"). FAC ¶¶ 247–301. Again, no Plaintiff alleges

11   physical injury. Again, all four instead assert purely economic losses (still without foundation)

12   based on alleged overpayment and diminished value of their Ravas, along with injunctive relief.

13   *Id.* ¶¶ 169, 170, 185, 186 197, 198, 216, 218.

14       Plaintiffs' allegations in the FAC largely repeat the allegations in the CAC.

15       ***The recall remedy***.  Plaintiffs again, inexplicably, misrepresent the remedy offered under

16   Nuna's recall by alleging customers must themselves clean their Ravas and install replacement seat

17   covers. *See, e.g.*, FAC ¶ 17 ("Parents must then disassemble, clean and reassemble"); *id.* ("The

18   Recall relies on the parent to properly re-assemble"); *id.* ¶ 18 ("which they must install

19   themselves"). The naked falsity of this assertion is shown by the February Notice Letter, which

20   was referenced multiple times in briefing on Nuna's motion to dismiss the CAC. *See, e.g.*, Def.'s

21   Mot. to Dismiss CAC at 2–3, (ECF No. 49). Plaintiffs also falsely suggest again that the remedy

22   kit is not available to all consumers. FAC ¶ 143 ("[T]he purported repair does not even appear to

23   be available to all consumers."). In reality, and as Plaintiffs know, all owners of subject Ravas can

24   order the remedy kit and Nuna offers to conduct the cleaning and seat cover installation free of

25   charge. *See* February 21, 2025 Notice Letter at 3. Plaintiffs also repeat conclusory allegations that

26   the remedy Nuna offers does not resolve the alleged defect, FAC ¶ 18, yet no Plaintiff alleges

27   experiencing the purported defect after cleaning their Rava and installing the new seat cover.

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT;
CASE NO. 3:25-CV-01284-AMO

Privileged and Confidential
Attorney Work Product

***Plaintiffs' experience***.  The allegations of Plaintiffs' personal experiences with their Ravas are either materially identical to those in the CAC or inconsequential.  Plaintiff Pelufo alleges she purchased two Ravas in September and November 2019 but no longer owns either.  FAC ¶¶ 188–89.  Plaintiff Kade alleges she purchased two Ravas—one in "approximately 2021," and the other in August 2022.  *Id.* ¶ 201.  Plaintiff Barrales alleges she bought her Rava in "approximately August 2022."  FAC ¶ 156.  And Plaintiff Smith bought her Rava in August 2023.  *Id.* ¶ 171.  Only Plaintiffs Smith and Kade allege they participated in Nuna's recall.  *Id.* ¶¶ 179, 206.  The other two, Pelufo and Barrales, do not explain why they did not.  Only Plaintiff Kade alleges the defect ever manifested in her Rava.  *Id.* ¶ 204.  Plaintiffs Barrales alleges some unspecified difficulty latching her car seat's buckle, *id.* ¶ 160, an odd assertion since the buckle is not the seat part at issue in this case and thus not the source or location of the defect alleged.  Plaintiff Smith alleges the recall replacement seat pad she installed does not fit "snug," *id.* ¶ 179, yet she does not allege that she took Nuna up on its offer to install the seat pad for her free of charge, or that she has experienced any issues with her Rava's harness.

***Affirmative representations***.  With one exception, Plaintiffs merely repeat the same alleged affirmative misrepresentations which this Court has already found to be non-actionable puffery:

- The Rava is "a reliable anchor to your child's car-riding adventures and your parental peace of mind," and offers "unwavering security."  FAC ¶ 45; CAC ¶ 51.

- Nuna's "baby gear is extensively tested before it leaves the factory. We use advanced equipment and testing methods, going above and beyond what's required. To ensure compliance with safety standards, we regularly have our gear tested at accredited, independent labs."  FAC ¶ 47; CAC ¶ 52.

- The Rava features "[c]olored belt path indicators [which] decrease risk of install errors"; and a "quick-release 3 to 5-point harness that makes it easy to fasten them in."  FAC ¶ 48; CAC ¶ 53.

Plaintiffs' singular new alleged representation by Nuna is an in-store marketing material statement that purchasers can "relax and enjoy every magical, messy, covered-with crumbs moment."  FAC ¶ 46.  Plaintiffs do not allege how this bears on their claims, how it responds to

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-6-

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT;
CASE NO. 3:25-CV-01284-AMO

Privileged and Confidential
Attorney Work Product

1    this Court's dismissal ruling, when or where Nuna supposedly made this in-store statement, or that

2    they actually saw and relied on it in making their purchases.

3        *Reliance*.  As in the CAC, no Plaintiff alleges having read, saw, or relied on any specific

4    Nuna marketing statement before purchasing their Ravas.  They allege generally that they "read

5    and relied on Defendant's advertising and marketing materials" and that they chose the Rava based

6    on "Nuna's misleading statements."  FAC ¶¶ 159, 175, 190, 195, 202, 214.  The Court has already

7    found this is insufficient.  Ex. A at 23:22–24:3.  Again, Plaintiffs fail to allege any specifics of what

8    representation they relied on, where they saw any, or when they saw any.  Plaintiffs Pelufo and

9    Kade now vaguely allege they received "targeted advertisements" for the Rava on social media, *id.*

10   ¶¶ 191, 202, but allege no such ads, not the content of these supposed ads, when they may have

11   received these advertisements, or who posted them.  Plaintiffs otherwise repeat their general

12   allegations that Nuna engaged in targeted advertising without any details regarding their substance

13   or timing.  *Compare* FAC ¶¶ 50, 51 ("Nuna also engaged in targeted advertising for the RAVA Car

14   Seat through the internet and social media.") *with* CAC ¶ 54 ("Nuna also engaged in targeted

15   advertisement for the RAVA Car Seat through the internet and social media.").

16       *Omissions claims*.  Plaintiffs again assert the conclusory allegation that Nuna knew about

17   the alleged defect based on its October 2023 refresh of the Rava.  FAC ¶ 222.  Plaintiffs also add

18   consumer complaints concerning the Rava, and other Nuna products not at issue in this litigation,

19   many of which post-date the last Plaintiff's purchase of their Rava.  *See id.* ¶¶ 100, 153.  Plaintiffs

20   allege ███████████████████████████████████████, all unrelated to the defect

21   alleged in this case and not concerning the Rava model at issue.  *See id.* ¶¶150–152.  Plaintiffs do

22   not allege that the number of complaints Nuna received was unusual as compared with competitor

23   products or based on the total number of Ravas sold, or that Nuna's response to these complaints

24   was exceptional in any manner such that it would show Nuna's presale knowledge.  Plaintiffs no

25   longer allege Nuna's presale knowledge of the alleged defect based on premarket testing.

26       *Class definition*.  Finally, the FAC broadens the proposed class definition to include "[a]ll

27   persons in California who purchased or *own* a RAVA Car Seat subject to the Recall."  *Id.* ¶ 238

28   (emphasis added); *see* CAC ¶ 215 ("All persons in California who purchased (not for resale) a

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-7-

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT;
CASE NO. 3:25-CV-01284-AMO

Privileged and Confidential
Attorney Work Product

1   RAVA Car Seat"). However, Plaintiffs' claims for relief all still allege economic loss based only

2   on Plaintiffs' purchases of their Ravas and present no theory of damages for mere "owners."

3   **III.    LEGAL STANDARD**

4          Dismissal is proper under Rule 12(b)(6) when a plaintiff "fails to state a cognizable legal

5   theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v.*

6   *Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (citation modified). A plaintiff's

7   well-pleaded factual allegations, while assumed to be true, *Ibarra v. United States*, 120 F.3d 472,

8   474 (4th Cir. 1997), "must be enough to raise a right to relief above the speculative level," *Bell Atl.*

9   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a challenge under 12(b)(6), "a complaint

10  must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

11  on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court is "not bound to accept a true

12  legal conclusion couched as a factual allegation[.]" *Twombly*, 550 U.S. at 555 (citation modified).

13  Where "a complaint pleads facts that are merely consistent with a defendant's liability, it stops

14  short of the line between possibility and plausibility of entitlement to relief." *Ashcroft*, 556 U.S. at

15  678 (citation modified). If pleading deficiencies cannot be cured by the allegation of facts, the

16  complaint should be dismissed with prejudice. *See Knappenberger v. City of Phx*, 566 F.3d 936,

17  942 (9th Cir. 2009).[3]

18  **IV.    ARGUMENT**

19      **A.    Plaintiffs again still fail to adequately plead their fraud-based claims (Fraud,
            Negligent Misrepresentation, CLRA, UCL, FAL) (Counts 1–5)**
20

21          **1.    Plaintiffs still fail to allege actionable misrepresentations or reliance.**

22          In dismissing Plaintiffs' misrepresentation-based claims, the Court explained that the

23  advertisements cited in the CAC were non-actionable: "[t]he marketing statements to which

24  plaintiffs point to in their complaint are not specific enough to be actionable." Ex. A at 21:21–24.

25

26  ---
    [3] On February 11, 2026, just days after Plaintiffs filed their FAC, the United States District Court for the Western
    District of Washington likewise dismissed similar claims based on the same recall of the same Rava car seats with
27  leave to amend. *Roberts v. Nuna Baby Essentials, Inc.*, No. 2:25-cv-02209-KKE (ECF No. 39). The Court only
    permitted Plaintiffs to move forward on a claim under Washington's Consumer Protection Act based on alleged unfair
28  practices. The *Roberts* court explained its reasoning on the record during oral argument. Nuna can provide this Court
    a copy of the transcript upon receipt if the Court so desires.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT;
CASE NO. 3:25-CV-01284-AMO

Privileged and Confidential
Attorney Work Product

1   The Court granted leave to amend only "to the extent plaintiffs can allege more specific marketing

2   statements made by defendant."  Ex. A at 22:1–3.

3        The FAC does not do so.  Instead, Plaintiffs repeat the same insufficiently specific

4   marketing statements the Court already found not actionable (FAC ¶¶ 44–45, 47, 52) and add a

5   single additional vague marketing statement by Nuna "in promotional materials distributed at the

6   point of sale" that purchasers can "relax and enjoy every magical, messy, covered-with crumbs

7   moment," *id.* ¶ 46.

8        As an initial matter, still notably missing is a single representation regarding the functioning

9   of the Rava's harness that implicates the defect, much less one that is false.  Thus, even if the

10  marketing statements cited in the FAC were actionable (they are not), not one bears on Plaintiffs'

11  claims.

12       Nor do Plaintiffs allege when or where their newly added "point of sale" statement was

13  made, as required under Rule 9(b).  *See Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 968

14  (N.D. Cal. 2008), *aff'd by* 322 F. App'x 489 (9th Cir. 2009) (to satisfy Rule 9(b), Plaintiffs must

15  "state precisely the time, place, and nature of the misleading statements, misrepresentations, and

16  specific acts of fraud").  And even if Plaintiffs had pleaded with particularity, this marketing

17  statement, like the others, falls squarely within the realm of "[g]eneralized, vague, and unspecified

18  assertions [that] constitute 'mere puffery' upon which a reasonable consumer could not rely, and

19  hence [is] not actionable."  *Oestreicher*, 544 F. Supp. 2d at 973 (citation modified).  It is not a

20  "specific and unequivocal statement about the product that constitutes an explicit guarantee."  *Ng*

21  *v. Nissan N. Am., Inc.*, No. 23-cv-000875-AMO, 2023 WL 9150275, at *4 (N.D. Cal. Dec. 27,

22  2023) (Martínez-Olguín, J.) (citation modified).

23       In sum, Plaintiffs' assertion of alleged misrepresentations still boils down to this heading in

24  their FAC: "Nuna Manufacturers RAVA Car Seats and Markets Them As Safe."  FAC, Part V(A).

25  Marketing something "as safe" does not sustain Plaintiffs' claims.

26       The Court also dismissed Plaintiffs' misrepresentation-based claims because Plaintiffs did

27  not "adequately allege that they relied on misrepresentations."  Ex. A at 23:22-24:3; *see also In re*

28  *Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Products. Liab. Litig.*, 295 F. Supp. 3d

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT;
CASE NO. 3:25-CV-01284-AMO

Privileged and Confidential
Attorney Work Product

1    927, 987 (N.D. Cal. 2018) (dismissing plaintiffs' consumer fraud claims where complaint did not

2    assert that any named plaintiff actually viewed cited website materials); *In re Volkswagen "Clean*

3    *Diesel" Mktg., Sales Practices., & Products. Liab. Litig.*, 349 F. Supp. 3d 881, 915 (N.D. Cal.

4    2018) (dismissing consumer protection claims where the complaint detailed misleading

5    advertisements but failed to allege that any named plaintiff saw and relied on them).  The FAC does

6    nothing to cure this defect.  Plaintiffs still do not allege that they read or relied on *any* specific Nuna

7    marketing statement before purchasing their Ravas, including the new point-of-sale statement

8    alleged.  Plaintiffs Barrales and Smith repeat verbatim the allegations from the CAC that the Court

9    already rejected.  *Compare* FAC ¶¶ 122, 148 *with* CAC ¶¶ 159, 175.  Plaintiffs Pelufo and Kade

10   now vaguely allege having looked at Nuna's website and in-store displays, but do not allege what

11   those statements said or that they read and relied on any marketing statements listed in the FAC.

12   *See* FAC ¶¶ 190, 202.

13          Since Plaintiffs still plead no actionable representations, and no reliance, their

14   misrepresentation claims should be dismissed with prejudice.

15                    **2.      Plaintiffs still fail to plead omission-based claims because they do not**
                              **plausibly plead presale knowledge that could give rise to a duty to**
16                            **disclose.**

17          A defendant has no duty to disclose "at the time of sale" that which it does not know.  *Wilson*

18   *v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012).  The Court previously dismissed

19   Plaintiffs' omission-based claims because they fail this requirement: specifically, because none of

20   Plaintiffs' theories—consumer complaints, alleged premarket testing, and the October 2023 Rava

21   refresh—established that "defendant plausibly had actual knowledge such that it created a duty to

22   disclose."  Ex. A at 25:16–26:13.  As to the Rava refresh, the Court found Plaintiffs' allegation of

23   presale knowledge based on it "a speculative allegation at best . . . [that] does not plausibly plead

24   presale knowledge on a duty to disclose."  *Id.* at 26:6–9.  As to customer complaints, the Court

25   explained that "it's not a numerosity question" and that Plaintiffs' allegations were insufficient

26   because they did not plead additional facts showing that the number of complaints was "unusually

27   high" such that it resulted in Nuna's presale knowledge of the alleged defect.  *Id.* at 16:13–16,

28   25:16–23.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-10-

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT;
CASE NO. 3:25-CV-01284-AMO

Privileged and Confidential
Attorney Work Product

1    Plaintiffs no longer allege Nuna's presale knowledge based on premarket testing in the

2    FAC. This leaves only the same allegations regarding Nuna's Rava refresh, and consumer

3    complaints. *See* FAC ¶ 123. Neither saves Plaintiffs' omission-based claims.

4        **October 2023 Refresh.** The FAC contains the virtually identical conclusory allegations

5    that the October refresh shows Nuna's presale knowledge of the alleged defect. *Compare* FAC

6    ¶¶ 121, 222 *with* CAC ¶¶ 70, 72, 199. The Court should again reject these "speculative" allegations.

7    Moreover, Nuna's October 2023 refresh post-dates the period during which all Plaintiffs allegedly

8    purchased their Rava—September 2019 to August 2023. *See* FAC ¶¶ 156, 171, 188, 200.

9        **Consumer Complaints.** The FAC's addition of customer complaints misses the point.

10   Plaintiffs still fail to plead facts suggesting that this increased number of complaints constituted an

11   "unusually high" volume prior to Plaintiffs' purchases of their Ravas such that the complaints

12   evidence Nuna's presale knowledge. Plaintiffs still fail to allege Nuna's presale knowledge of a

13   widespread defect in the Rava giving rise to a duty to disclose. And Plaintiffs still allege no change

14   in Nuna's corporate process or procedure in handling these complaints that might evidence such

15   knowledge—factors that courts consider beyond the mere number of complaints.

16       As this Court recognized, when considering whether a defendant knew, presale, of an

17   alleged defect based on consumer complaints, the inquiry is not one of numerosity. Ex. A 16:13–

18   16. To plead an "unusually high" volume of complaints sufficient to show a duty to disclose,

19   Plaintiffs must allege more than the complaints themselves. *See Williams v. Yamaha Motor Co.*,

20   851 F.3d 1015 (9th Cir. 2017). They must plead some baseline, some ratio, some reflection that

21   the mere numbers are meaningful and meaningfully out of step as to impart knowledge and create

22   a duty to disclose.

23       Thus, in assessing consumer complaints, courts have at times compared the number of

24   complaints to the total number of relevant products sold. *See, e.g.*, *Deras v. Volkswagen Grp. of*

25   *Am., Inc.*, No. 17-cv-05452-JST, 2018 WL 2267448, at *3 (N.D. Cal. May 17, 2018) (allegations

26   of fifty-six consumer complaints over a seven-year period in which Volkswagen sold hundreds of

27   thousands of vehicles were so few in number compared to the volume of total sales that it could not

28   be inferred that the complaints would have put VW on notice of the defect); *Nickerson v. Goodyear*

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT;
CASE NO. 3:25-CV-01284-AMO

Privileged and Confidential
Attorney Work Product

1   *Tire and Rubber Corp.*, No. 8:20-cv-00060-JLS-JDE, 2020 WL 4937561, at *9 (C.D. Cal. June 3,

2   2020) (finding that a NHTSA database with over "100 consumer complaints related to Marathon

3   tires" out of hundreds or thousands of vehicles sold with several being passed on to Goodyear for

4   review was insufficient to allow the "Court to infer that [Goodyear] actually knew of the Defect or

5   even an unusually high failure rate[.]").   Other courts have considered whether the number of

6   alleged complaints is "unusually high" compared to other products sold by defendants or

7   competitors.   *Compare Doyle v. FKA Distrib. Co., LLC*, No. 2:23-cv-10807-SPG-SSC, 2025 WL

8   3804500, at *10 (C.D. Cal. June 13, 2025) (plaintiffs failed to plausibly allege presale knowledge

9   based on 138 negative reviews of subject products because they failed to "explain whether this is

10  an unusually high number of customer complaints, either compared to other products sold by

11  Defendants or compared to competitor products") *with Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d

12  840, 866 (N.D. Cal. 2018) (finding a "baseline" for concluding defendant had presale knowledge

13  where plaintiffs "allege that the number of complaints far exceeds the number of similar complaints

14  for competitor vehicles").

15       Here, the recall concerns over 600,000 Rava car seats manufactured between July 2016 and

16  October 2023.  Plaintiffs allege there were ███████████████ prior to the first Plaintiff's Rava

17  purchase in September 2019 and ██████████████ (over a seven-year period) prior to the

18  most recent Plaintiff's purchase in August 2023.  FAC ¶ 62.  Plaintiffs do not allege that this volume

19  of complaints is higher than the volume competitors have received or unusually high when

20  compared against the number of Ravas at issue.  Accordingly, Plaintiffs do not allege an "unusually

21  high" number of complaints as required.

22       Notably, Plaintiffs chose not to repeat one particular consumer complaint from the CAC: a

23  2021 complaint in an online forum citing Nuna's acknowledgement that "sometimes crumbs or

24  sand can get inside the seat," which the complainant then described as "*This is not just a Nuna issue

25  though*, I got word from so many moms with different brands of car seats that they checked theirs

26  after seeing my video and were having the same issues and had no idea."  CAC ¶ 69, n.59 (emphasis

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-12-

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT;
CASE NO. 3:25-CV-01284-AMO

Privileged and Confidential
Attorney Work Product

added).[4]  That other car seats suffered from the same harness issue refutes Plaintiffs' conclusory allegation that Nuna had actual knowledge of a defect particular to the Rava based on customer complaints.

**Nothing is alleged beyond the numbers**.  Plaintiffs next allege that Nuna had presale knowledge simply because it responded to certain complaints and stated its quality assurance department would review a complaint.  FAC ¶ 123.  These allegations are not "plus" factors of the sort that, when combined with customer complaints, may at times suggest and plausibly plead presale knowledge.  *Williams* is again instructive.  There, the Ninth Circuit found the alleged volume of customer complaints defendant received to be "unusually high" because plaintiffs alleged these complaints prompted defendant to have supervisors personally handle complaints and led to defendant establishing "a dedicated customer care center."  851 F.3d at 1027, n.8, 1028.  Similarly, in *Deras*, the court found the alleged number of customer complaints not "unusually high" and did not establish presale knowledge where plaintiffs failed to allege that special quality control mechanisms were implemented in response to the alleged defect.  2018 WL 2267448, at *5.  The critical principle in both cases is the same: no change in corporate behavior evidenced no presale knowledge.

The same is true here.  Most conspicuously, the FAC contains not a single statement by Nuna that it knew of the specific alleged defect in the subject Ravas at any point before Plaintiffs' purchases.  For all the paragraphs and pages added to the FAC, this is telling.

Further, Plaintiffs readily concede that Nuna's monitoring of the complaints asserted was not peculiar to these complaints, was not some new monitoring system or procedure, was not out of the ordinary, but rather was "customary," and specifically "customary in the consumer product industry."  FAC ¶ 107.  "Customary" handling of complaints does not evidence knowledge of a defect: if anything, it evidences the opposite.  Plaintiffs' mere suggestion that Nuna responded to customer complaints, for instance by taking photos and videos (*id.* ¶ 123), does not aid their claims.  Nowhere do Plaintiffs allege that these responses were extraordinary for Nuna, differed from

---

[4] The Court may take judicial notice of Plaintiffs' prior pleading, especially if both pleadings involved the same parties. *See Spectravest, Inc. v. Mervyn's Inc.*, 673 F. Supp. 1486, 1490 (N.D. Cal. 1987) (the court "may take judicial notice of the existence of an earlier pleading, particularly when the same parties are involved") (citation modified).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT;
CASE NO. 3:25-CV-01284-AMO

Privileged and Confidential
Attorney Work Product

Nuna's standard procedures for handling any customer inquiry or complaint, or otherwise indicated the requisite knowledge of a specific defect, and thus does not indicate the required knowledge.

### 3. The negligent misrepresentation claim fails for additional reasons (count 2)

The Court dismissed Plaintiffs' negligent misrepresentation claim because Nuna's marketing statements regarding the Rava were non-actionable puffery and Plaintiffs failed to adequately allege they relied on the alleged misrepresentations. Ex. A at 21:22–25, 23:22–24:3. Plaintiffs have not cured these deficiencies in the FAC. Moreover, Plaintiffs identify marketing statements made only to the general public, which are not actionable under California law.

As discussed above, Plaintiffs still do not plead any actionable representation by Nuna or any facts showing that Plaintiffs relied on any Nuna marketing statement when purchasing their Ravas. *See supra* Section IV.A.1.; *see also, e.g.*, *Cork v. CC-Palo Alto, Inc.*, 534 F. Supp. 3d 1156, 1177–78 (N.D. Cal. 2021) (dismissing negligent misrepresentation claim because representation that "[Residents experience] a sense of security, knowing they have made a good choice" was non-actionable puffery); *Tomek v. Apple, Inc.*, No. 2:11-CV-02700-MCE, 2012 WL 2857035, at *3 (E.D. Cal. July 11, 2012) ("The plaintiff must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance.") (quotations omitted).

Plaintiffs also still allege negligent misrepresentation based on Nuna's purported omission of the alleged defect, FAC ¶¶ 261–73, but a "negligent misrepresentation claim requires a positive assertion, not merely an omission." *Lopez v. Nissan N. Am., Inc.*, 201 Cal. App. 4th 572, 596 (2011) (citation modified); *accord Muldoon v. DePuy Orthopaedics, Inc.*, No. 15-cv-02723-PJH, 2025 WL 604970, at *7 (N.D. Cal. Feb. 25, 2025); *see, e.g.*, *Cheramie v. HBB, LLC*, 545 F. App'x 626, 627–28 (9th Cir. 2013) (negligent misrepresentation claim properly dismissed where plaintiff "fails to allege any affirmative representations").

Finally, Plaintiffs' negligent misrepresentation claim fails because it still relies on marketing statements made to the general public, which are not actionable. *See Leining v. Foster Poultry Farms, Inc.*, 61 Cal. App. 5th 203, 220 (2021), *as modified* (Mar. 15, 2021) (statements "made to the general public are not actionable"). Plaintiffs do not allege physical injury or

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-14-

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT;
CASE NO. 3:25-CV-01284-AMO

Privileged and Confidential
Attorney Work Product

membership in a limited group "for whose benefit and guidance" the representation was made, as required. *Id.* at 217. Plaintiffs understand what targeted advertisement means, since their FAC defines the term (FAC ¶ 51)—then proceed to offer none. *See, e.g.*, *Aegis Senior Communities LLC v. UKG Inc.*, No. 23-cv-01076-AMO, 2024 WL 4093912, at *5–6 (N.D. Cal. Sept. 4, 2024) (Martínez-Olguín, J.) (dismissing negligent misrepresentation claim because plaintiff "fails to specifically identify any fraudulent misrepresentations," relying instead "only on vague references to marketing materials and unsupported deductions[.]").

## V.    CONCLUSION

Plaintiffs have had multiple opportunities to plead viable claims, including with express guidance from this Court, and have not done so. Nuna asks the Court to dismiss the FAC in its entirety with prejudice.

February 20, 2026

CROWELL & MORING LLP

By: _____
Valerie M. Goo
Scott L. Winkelman*
Branden Nikka
Kendyl Barnholtz

*Attorneys for Defendant*
NUNA BABY ESSENTIALS, INC.

*Admitted pro hac vice

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT;
CASE NO. 3:25-CV-01284-AMO