# EXHIBIT A

**Pages 1 - 28**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Araceli Martínez-Olguín, Judge

```
                                  )
In re: Nuna Baby Essentials       )
Rava Litigation                   )
                                  )    NO. 3:25-CV-01284-AMO
                                  )
```

San Francisco, California
Thursday, January 8, 2026

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:
    Milberg, Coleman, Bryson, Phillips, Grossman, PLLC
    800 South Gay Street, Suite 1100
    Knoxville, TN 37929
  **BY: WILLIAM A. LADNIER, ATTORNEY AT LAW**

    KAPLAN, FOX & KILSHEIMER, LLP
    1999 Harrison Street, Suite 1501
    Oakland, CA 94612
  **BY: MATTHEW B. GEORGE, ATTORNEY AT LAW**
    **CLARISSA R. OLIVARES, ATTORNEY AT LAW**

For Defendant:
    CROWELL MORING, LLP
    515 South Flower Street, 40th Floor
    Los Angeles, CA 90071
  **BY: VALERIE M. GOO, ATTORNEY AT LAW**
    **BRANDEN NIKKA, ATTORNEY AT LAW**
    **KENDYL BARNHOLTZ, ATTORNEY AT LAW**

REPORTED REMOTELY BY:  Stephen W. Franklin, RMR, CRR, CPE
                       Official United States Reporter

```
 1  not all of those were before the plaintiffs' purchase, and
 2  that's what matters.
 3          THE COURT:  And Mr. George, I do want to hear what
 4  you were trying -- the number you were trying to get.
 5          MR. GEORGE:  Yes.  I know that there's about a dozen
 6  or so that are quoted, but I believe we had a number of 40, but
 7  maybe I'm misremembering that.  There's 17 pages of complaints.
 8  That's in paragraph 66.  We quote about a dozen of those.  I
 9  thought the total number was 40.
10          THE COURT:  No, that's okay, but --
11          MR. GEORGE:  I apologize.  I don't have a citation at
12  hand for that.
13          THE COURT:  No, it's fine.
14          MR. GEORGE:  In any event, it exceeds the five that
15  was at issue in the *Long versus Graco* case.
16          THE COURT:  You said it was 50.
17          MS. GOO:  That's the *Williams*.
18          THE COURT:  I'm so sorry. That's my fault. Go ahead
19  Ms. Goo.
20          MS. GOO:  I'm sorry, Your Honor.  The *Williams* case,
21  which is the Ninth Circuit case.
22          THE COURT:  *Williams* was 50.
23          MS. GOO:  About.
24          THE COURT:  About 50.
25      And Mr. George, you were pointing me to which case?  You
```

1  were pointing me to *Long*.
2      **MR. GEORGE:** *Long*, there was five complaints. And so
3  whatever we have in here, it's more than that.
4      **MS. GOO:** But I think that, Your Honor, the two key
5  distinctions are that it evidenced the defendant's actual
6  knowledge, right? In the *Long* case, in *Long* the defendant --
7  there was an allegation the defendant admitted it was keenly
8  aware prior to the plaintiff's purchase, and in *Williams* there
9  was evidence that that company considered it an unusually high
10 number, so much so that it created a dedicated customer care
11 center for this issue.
12    So it's not just a numbers game, Your Honor.
13     **THE COURT:** I appreciate that. There was somewhere
14 along the way in looking through your papers I remembered
15 thinking it felt like numerosity, and I do grasp that it's not
16 a numerosity question.
17     **MS. GOO:** Yes, they're very dense papers, Your Honor.
18 I apologize.
19     **THE COURT:** Ms. Goo, may I ask, were there any other
20 points you wish to make?
21     **MR. GEORGE:** No, I think -- oh, sorry.
22     **THE COURT:** Ms. Goo, are there any other points you
23 wish to make?
24     **MS. GOO:** Your Honor, yes, briefly.
25    On the issue of prudential mootness, I'm going to take a

```
 1   quick swing at this, and I just want to point something out to
 2   the Court.  And I have a very -- I have a one-page
 3   demonstrative, which is just allegations from the complaint
 4   itself.  Could I share that with you?
 5              THE COURT:  Have you shared it --
 6              MR. GEORGE:  I'm going to object.
 7              THE COURT:  Hold on.
 8              MR. GEORGE:  Sorry.
 9              MS. GOO:  I'm happy to share it now, Your Honor.
10              THE COURT:  No, that's not how that goes, Ms. Goo.
11              MS. GOO:  Okay.
12              THE COURT:  My standing order is very clear that I
13   need to know you're going to -- you're going to listen while I
14   finish, because then you'll need to hear it, because I'm not
15   done with you all.  This case isn't going away.  So I'm going
16   to make a point to say to you that in my standing order it says
17   that if you want to use anything at the hearing, you need to
18   share it with opposing counsel at least 24 hours ahead.
19              MS. GOO:  Okay, Your Honor.  Thank you.  Understood.
20   If I can just point out, then, some of the allegations in the
21   complaint.
22        So the point that I want to make, Your Honor, is this
23   remedy from the recall has addressed the alleged defect, and
24   the plaintiffs admit that in their complaint.  So there is a
25   side-by-side image at paragraph 70 that shows the Rava car seat
```

1        Failure to provide notice also dooms Sadasey and Kade's
2   breach of -- excuse me, breach of express warranty claim.  So
3   let me state that now.  As regards the other plaintiffs, they
4   can't establish privity on the current allegations that they
5   had contact with Nuna after their purchases.  The Ninth Circuit
6   has rejected that post-purchase direct dealings can constitute
7   privity.  So I'll grant leave to amend to include any
8   prepurchase contact with Nuna.
9        The Court also rejects plaintiffs' invocation of the
10  third-party beneficiary exception to privity, as that exception
11  has not been applied in a citeable California decision outside
12  the real estate construction context.
13       Finally, as regards plaintiff Pelufo, there currently are
14  no allegations about whether Pelufo had direct dealings with
15  Nuna, but their implied warranty claims are also dismissed
16  without leave to amend, because if Pelufo had presuit contact
17  with Nuna they are not exempt from the notice requirement, and
18  if they did not have presuit contact with Nuna they are not in
19  privity with Nuna.  For these reasons, Pelufo's breach of
20  implied warranty claim is dismissed without leave to amend.
21       Let's talk about claim number 2, breach of express
22  warranty.  As I mentioned a moment ago, plaintiff Sadasey and
23  Kade's claims for breach of express warranty are dismissed
24  without leave to amend, or the motion is granted and their
25  claims are dismissed with leave to amend for failing to give

notice.

Here plaintiff Pelufo, having also failed to provide notice, the motion is granted, but with leave to amend to the extent that Pelufo -- that there are any allegations that can be made in good faith that Pelufo had no direct contact with Nuna prior to suit.  The complaint's just silent with regard to that contact.

All right.  For all other plaintiffs, as regards -- so the claim for express of breached warranty is based either on the limited warranty or on the marketing statements.  As regards the limited warranty, it provides that it does not cover design defects, it covers only a defect in materials and workmanship. Under California law a warrant that's provides protection against defects in materials or workmanship does not cover design defects.  Plaintiffs don't dispute that the defect at issue is a design defect, therefore defendant's Motion to Dismiss should be granted without leave to amend to the extent plaintiffs breached -- to the extent that plaintiffs' breach of express warranty claim rely on the limited warranty provided by Nuna.

As for the marketing statements, plaintiffs' point in their complaint -- well, no.  The marketing statements to which plaintiffs point to in their complaint are not specific enough to be actionable.  Vague statements regarding reliability, dependability and safety are not actionable express warranties.

1  Therefore, defendant's Motion to Dismiss is granted, but with
2  leave to amend to the extent plaintiffs can allege more
3  specific marketing statements made by defendant.
4      Claim number 3, which is breach of the Magnuson-Moss
5  Warranty Act.  I will grant that motion with leave to amend
6  since I've heard from plaintiffs that they have -- they now
7  have materials from NHTSA they didn't previously have when the
8  complaint was previously written.
9      Yes, sir?
10         **MR. GEORGE:**  I thought my colleague said we were
11 going to concede on the Magnuson-Moss claim.
12         **THE COURT:**  Oh, I'm sorry.  Thank you so much.  So
13 then that is -- we'll dismiss that.  It's a voluntary --
14         **MR. LADNIER:**  Will Ladnier, Your Honor, for the
15 plaintiffs.
16     We're conceding that the extent that the Magnuson-Moss
17 requires us to have a hundred named plaintiffs.  We would
18 appreciate that it be dismissed with leave in the chance that
19 we do obtain a hundred named plaintiffs.  I don't, at this
20 point, expect --
21         **THE COURT:**  You're going to have 21 days to amend.
22         **MR. LADNIER:**  We understand.  We understand.
23     Your Honor, if you would prefer to do that with -- we
24 obviously will -- I will say this.  We will not be pleading it
25 even if we have leave if we do not have a hundred named

1  plaintiffs.
2      **THE COURT:** Ms. Goo, do you want to speak to any of
3  this before I keep rolling?
4      **MS. GOO:** Your Honor, I think it's pretty clear where
5  this is going, so it's okay with us, Your Honor.
6      **THE COURT:** All right. So I'll have the -- so the
7  motion is granted and that claim is dismissed because you
8  haven't presently alleged a hundred named plaintiffs. You can
9  have leave to amend if you get there.
10     **MR. LADNIER:** Yes, Your Honor.
11     **THE COURT:** All right. The claim number 4 with
12 regard to breach of the Song-Beverly Consumer Warranty Act
13 because plaintiffs have failed so far to state a claim for
14 breach of express or implied warranty. Their claims under this
15 statute are -- I think I lost my page. They're also properly
16 dismissed at this stage. That is also with leave to amend to
17 the extent you can successfully amend either your express or
18 implied warranty claimant claims.
19    All right. Let's discuss claims 5 through 9, which are,
20 right, fraud, negligent misrepresentation, violation of the
21 CLRA, violation of UCL and violation of the FAL.
22    So for plaintiffs to state any claim based in fraud,
23 including count 5, count 6, 7, 8, 9 here, claims 5 through 9
24 here, plaintiffs must adequately allege that they relied on
25 misrepresentations. Actual reliance is required for Article

1  III standing for fraud claims.  So because you haven't yet done
2  that, you haven't shown reliance yet so far, so, and you
3  concede as much in your papers.  Instead, there's a shift
4  there, or maybe it's always been that this is an omission-based
5  claim.  In order for you to adequately allege an omission-based
6  claim you have to show that defendants had a duty to disclosed,
7  and you try to -- and plaintiffs seek to premise that in three
8  different things; the unusually high number of complaints as
9  demonstrating actual knowledge on the part of defendants.  I
10 will say simply that -- let me say this, and I maybe should
11 have said this as a more overarching comment on the opposition
12 to the Motion to Dismiss.
13     Should we find ourselves here again, I would strongly urge
14 plaintiffs to get into the habit of citing their complaint for
15 every time that you're being told you haven't adequately
16 alleged something.  There were a dearth of citations to your
17 complaint, and in this instance what I have from you all is a
18 "so, too, here," and then a vague -- and this is I think in a
19 footnote.  This is in a footnote, I think.  I think all I got
20 from you all was "so, too, here" about the number of -- the
21 number of complaints that have been alleged, you cited nothing
22 in your amended complaint for it, and that's on page 19 of your
23 opposition in note 10.
24     One, things in footnotes are generally not considered
25 things I have to address.  There's clear Ninth Circuit

1    authority on that.  So don't shove things you actually want me
2    to read in your footnotes, and cite your complaint when they
3    say you haven't alleged something, because absent a clear
4    showing from you that you have, I'm not going to dig for it.
5    You need to show me.  So we find ourselves at this point, this
6    was I think maybe the most interesting part of our discussion
7    this afternoon is talking with you all about the number of
8    complaints that there are.  My sense, again, I didn't get a
9    real opposition from you.  What I have from defendants is there
10   were 12 in their allegations.  Eleven?
11           **MS. GOO:**  I think it's 11.
12           **THE COURT:**  Eleven in their allegations, and not all
13   of them are presale?
14           **MS. GOO:**  Yes, Your Honor.
15           **THE COURT:**  And as a result they can't all count.
16       So on that basis I'm going to grant their motion at least
17   with -- right, so I'm going to walk through all your theories,
18   but as regards the unusually high number, I don't think you
19   have properly alleged it, and to the extent that you have, you
20   didn't point it out to me in your opposition.  So if you have
21   more, great, add them.  You will get leave to amend.  But, so
22   that's at least with regard to the unusual high number of
23   allegations being the basis of their actual knowledge.
24       You also, plaintiffs also aver that Nuna should have known
25   about the alleged defect based on premarket safety testing, but

1  that sort of allegation is not enough to withstand a motion to
2  dismiss.  And I'm persuaded -- I found persuasive Judge
3  Friedman's opinion in *Browning v. America Honda Motor Company*,
4  there's a couple of others, but that's not enough to clear the
5  hurdle at the motion to dismiss stage.
6  　　　Finally, plaintiffs point to the Nuna refresh, but that's
7  a speculative allegation at best, and that perhaps Nuna's
8  refresh was based and shows actual knowledge does not plausibly
9  plead presale knowledge on a duty to disclose.
10 　　　So those are the three arguments you made.  None of them
11 get you -- none of them show that you've plausibly -- none of
12 them show that you've shown that defendants plausibly had
13 actual knowledge such that it created a duty to disclose.  I
14 will give you leave to amend in case you have additional things
15 to add, either because you have more specific statements so
16 that you can show that there were statements that your clients
17 relied on, or if you have other -- anything else you sort of
18 want here with regard to the omissions-based theory.
19 　　　Which leaves, then, claim 10 for unjust enrichment.
20 Plaintiffs' claim for unjust enrichment I'm also going to grant
21 the Motion to Dismiss because it's duplicative of plaintiffs'
22 other tort claims, and that's without leave to amend because
23 that is as a matter of law.
24 　　　As regards the punitive damages, we've talked about that
25 some.  I think that I've shared with you already that I agree

1    with the defendant's statement of law that you are at this
2    stage, you do need to include sufficient factual allegations to
3    support not only fraud, coercion -- not coercion, excuse me.
4    That's a different legal standard.  Malice, oppression or
5    fraud, and that you need to include allegations about the
6    officers, et cetera, from the company.  So I will grant the
7    Motion to Dismiss it.  Plaintiffs will have leave to amend in
8    that regard.
9        Just to restate it, the entire complaint is dismissed,
10   portions of it with leave to amend, portions of it without
11   leave to amend.  We will put that into the minutes for you.
12   Plaintiffs will have until February 6th to file an amended
13   complaint.  Plaintiffs may not add new claims or parties absent
14   consent from defendants or leave of court, with one exception.
15   If you have more plaintiffs to add, to the extent that is
16   adding them because it will bring you above the number 100 for
17   the Magnuson-Moss claim, you have leave to do that.
18           **MS. GOO:**  Your Honor, one point of clarification.
19           **THE COURT:**  Yes.
20           **MS. GOO:**  So in adding new parties and adding
21   potentially a hundred new plaintiffs, is that limited to the
22   Magnuson-Moss claim?  In other words, those new plaintiffs
23   would be limited to asserting that claim only?
24           **THE COURT:**  I'm trying to reconcile.
25           **MS. GOO:**  Yes.

1    **THE COURT:** You know, it is my practice and custom
2  that I normally include the language the plaintiffs are not to
3  add claims or parties absent consent from defendants or leave
4  of court, because I find that it can make a mess of just going
5  forward.  I've had parties try it, and I will spare you the war
6  story.
7    I'm going to stick with this.  I'm going to leave it with
8  plaintiffs cannot add new claims or parties absent consent from
9  defendants or leave of court.  I'm going to flag right now,
10 though, that -- so, right, you're going to need leave of court
11 to add new parties.  If you want to add them for the sake of
12 Magnuson-Moss you're going to move for it, and I'm going to
13 tell you right now that I'm very likely to grant it for the
14 Magnuson-Moss claim.  If there are other reasons, you'll have
15 to do the usual Rule 16 hurdle to add new plaintiffs for other
16 reasons.  Counsel, I thank you.  Enjoy the rest of your day.
17    (Proceedings concluded at 3:29 p.m.)
18                          ---o0o---
19                    **CERTIFICATE OF REPORTER**
20    I certify that the foregoing is a correct transcript
21 from the record of proceedings in the above-entitled matter.
22 DATE:  Thursday, January 15, 2026
23
24 _____
25    Stephen W. Franklin, RMR, CRR, CPE
       Official Reporter, U.S. District Court