UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NUNA BABY ESSENTIALS RAVA LITIGATION | Case No. 25-cv-01284-AMO |
| | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |
| | Re: Dkt. No. 73 |

This is a putative false advertising class action. Defendant Nuna Baby Essentials, Inc.'s motion to dismiss was heard before this Court on April 16, 2026. Having read the parties' papers and carefully considered their arguments therein and those made at the hearing, as well as the relevant legal authority, and good cause appearing, the Court GRANTS the motion in part and DENIES the motion in part for the following reasons.

## I.    BACKGROUND[1]

Plaintiffs Alyna Smith, Mariana Bernasconi Pelufo, and Behnaz Faridian Kade each purchased a RAVA car seat, manufactured and marketed by Defendant Nuna Baby Essentials, Inc. ("Nuna").[2] Dkt. No. 69, First Amended Complaint ("FAC") ¶¶ 171, 188, 199. Smith bought her car seat in August 2023, *id.* ¶ 171, while Pelufo bought one car seat in September 2019 and another in November 2019, *id.* ¶¶ 188-89, and Kade purchased car seats in 2021 and August 2022, *id.* ¶ 200. The RAVA car seat did not have a cover over the front harness adjuster and debris from

---

[1] These facts are drawn from the allegations in Plaintiffs' amended complaint, Dkt. No. 69, which the Court accepts as true and construes in the light most favorable to Plaintiffs. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004).

[2] All other Plaintiffs have been voluntarily dismissed from this action. *See* Dkt. Nos. 69, 80.

snacks or toys could fall into the adjuster area and cause it to malfunction. *Id.* ¶ 5. Customers complained about this defect as early as July 2017, *id.* ¶ 70, and submitted videos and photos of the defect to Nuna's customer service team, *id.* ¶¶ 76, 78(b), (d), (e), (f), (i), 79, 106. At times, Nuna requested that customers send their car seats back to Nuna for testing. *Id.* ¶ 105. In December 2020, customers also began complaining to the National Highway Traffic Safety Administration ("NHTSA") about the defect. *Id.* ¶¶ 111-17.

On December 20, 2024, Nuna instituted a voluntary recall for 600,000 RAVA car seats. *Id.* ¶ 54. The recall concerns a "loose harness [that] may not properly restrain the occupant, increasing the risk of injury in a crash." *Id.* ¶ 55. Over a year before it announced the recall, Nuna began redesigning and manufacturing an updated RAVA car seat in an attempt to address the defect. *Id.* ¶¶ 121, 123, 222. The redesigned RAVA included a cloth cover over the front harness adjuster. *Id.* ¶ 121. Plaintiffs substantially overpaid for the defective RAVAs, which diminished in value and useful life due to the defect and recall. *Id.* ¶ 125.

On August 7, 2025, after the Court consolidated two actions, Plaintiffs filed a consolidated class action complaint which asserted 10 claims on behalf of Plaintiffs and a putative class. Dkt. No. 43. Nuna filed a motion to dismiss. Dkt. No. 49. On January 9, 2026, the Court granted Nuna's motion to dismiss with leave to amend some of Plaintiffs' claims. Dkt. No. 64. On February 6, 2026, Plaintiffs filed a first amended consolidated class action complaint. *See* FAC. The first amended complaint brings five claims for relief: (1) fraud, (2) negligent misrepresentation, (3) violations of California Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code §§1750, *et seq.*), (4) violations of Unlawful, Unfair, and Fraudulent Business Acts and Practices ("UCL") (Cal. Bus. & Prof. Code §§ 17200, *et seq.*), and (5) violations of California False Advertising Law ("FAL") (Cal. Bus. & Prof. Code §§ 17500, *et seq.*). *Id.* On February 20, 2026, Nuna filed a motion to dismiss. Dkt. No. 73. Plaintiffs filed an opposition on March 6, 2026, Dkt. No. 76, and Nuna's reply followed on March 13, 2026, Dkt. No. 78.

## II.      LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock*, 349 F.3d 1191, 1199-1200 (9th

United States District Court
Northern District of California

Cir. 2003). A complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory or has not alleged sufficient facts to support a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679.

Because Plaintiffs' claims sound in fraud, the complaint must also meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Rule 9(b) requires a party alleging fraud to state with particularity the circumstances constituting fraud. To satisfy this standard, the "complaint must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citation and internal quotation marks omitted).

III.    DISCUSSION

Plaintiffs' claims are based on two theories: (1) Nuna affirmatively misrepresented their products as safe, when they were in fact dangerous (the "affirmative misrepresentation theory") and (2) Nuna omitted key information from its advertising that consumers were entitled to know (the "omission-based theory"). *See generally* FAC. Nuna argues that (1) Plaintiffs' claims should be dismissed to the extent they rely on the affirmative misrepresentation theory because Plaintiffs fail to allege any actionable misrepresentation or reliance on such representations, and (2) Plaintiffs' claims should be dismissed to the extent they rely on the omission-based theory because

Plaintiffs fail to allege Nuna had knowledge of the defect pre-sale. The Court examines each argument in turn.

### A. Actionable Misrepresentation Theory

Nuna argues that Plaintiffs have not adequately alleged an actionable misrepresentation. Dkt. No. 73 at 13. For claims arising under California's UCL, FAL, and CLRA, and for common law fraud and negligent misrepresentation claims, plaintiffs must show that reasonable consumers are likely to be deceived by an advertiser's alleged misrepresentation. *Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1193 (N.D. Cal. 2014). "[G]eneralized, vague and unspecific assertions, constitute mere 'puffery' upon which a reasonable consumer could not rely." *Glen Holly Ent., Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1015 (9th Cir.), *opinion amended on denial of reh'g*, 352 F.3d 367 (9th Cir. 2003). The Court previously dismissed Plaintiffs' claims to the extent they relied on Nuna's affirmative misrepresentations finding that Nuna's statements were mere puffery. *See* Dkt. No. 73-1. The Court allowed Plaintiffs leave to amend their claims "to the extent plaintiffs [could] allege more specific marketing statements made by defendant." Dkt. No. 73-1 at 8. Plaintiffs included only one additional marketing statement in their first amended complaint: that purchasers can "relax and enjoy every magical, messy, covered-with crumbs moment." FAC ¶ 46.

"To be actionable, a statement must be 'specific and measurable' and capable of being proven true or false." *Azoulai v. BMW of N. Am. LLC*, No. 16-CV-00589-BLF, 2017 WL 1354781, at *8 (N.D. Cal. Apr. 13, 2017) (finding statement that product operates "safely" constitutes mere puffery); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (representation that consumers "would be safely and adequately served" failed to state a claim because the statement "is devoid of any meaningful specificity"). The additional marketing statement identified by Plaintiffs that purchasers can "relax and enjoy every magical, messy, covered-with crumbs moment[,]" FAC ¶ 46, is not specific and measurable nor capable of being proven true or false, as there is no way to quantify whether a purchaser is "relaxing" and "enjoying" themselves while using the RAVA car seat. *See Azouli*, 2017 WL 1354781, at *8; *Morris*, 236 F.3d at 1068.

4

Plaintiffs do not attempt to explain how Nuna's representations are specific and measurable. *See generally* Dkt. No. 76. Instead, they argue that the defect "renders Nuna's entire advertising and marketing campaign revolving around the RAVA's superior security, safety, and durability misleading." Dkt. No. 76 at 29. But none of Plaintiffs' cited authorities – each of which concerns labeling for food and consumable products – hold that misrepresentation-based claims can proceed based solely on vague statements promising a consumer can relax and enjoy. *Cf. Krystofiak v. BellRing Brands, Inc.*, 737 F. Supp. 3d 782 (N.D. Cal. 2024) (finding protein shake label statements "immune health support" and "healthy snack", when combined, actionable at motion to dismiss stage); *DiGiacinto v. RB Health (US) LLC*, 668 F. Supp. 3d 950, 965 (N.D. Cal. 2023) (finding that packaging of children's medicine, which contained the word "children" and a cartoon of a child could mislead a reasonable consumer into believing that the product is specially formulated for children); *Coe v. Gen. Mills, Inc.*, No. 15-cv-05112-TEH, 2016 WL 4208287, at *5-6 (N.D. Cal. Aug. 10, 2016) (finding that cereal label statements "a great start to your day," "start your school day right," and "kick-start your day," with "appealing photographic images depicting healthy and successful kids and parents," were actionable). Accordingly, to the extent Plaintiffs' claims rely on affirmative misrepresentations, the Court GRANTS Nuna's motion to dismiss.[3]

### B. Omissions-Based Theory

Next, Nuna argues that Plaintiffs' omission-based theory fails because Nuna did not have a duty to disclose the alleged defect to Plaintiffs as it did not know about the defect when Plaintiffs purchased their car seats. Dkt. No. 73 at 16 (citing *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012) (holding that a defendant has no duty to disclose at the time of sale that which it does not know)). Plaintiffs argue that their CLRA, UCL, FAL, and fraud claims succeed because they have adequately established that Nuna knew about the car seats' defect but did not

---

[3] Nuna additionally argues that Plaintiffs do not adequately plead that they relied on Nuna's affirmative misrepresentations. Dkt. No. 73 at 14. Because Plaintiffs' failure to identify actionable affirmative misrepresentations is dispositive, the Court declines to reach Nuna's reliance argument.

United States District Court
Northern District of California

disclose the defect to consumers.  Dkt. No. 76 at 15 (citing *Edwards v. Ford Motor Co.*, 603 F. App'x 538, 541 (9th Cir. 2015) ("A manufacturer has a duty to disclose a known defect that poses an unreasonable safety hazard.")).  The Court previously dismissed Plaintiffs' omission-based claims because none of Plaintiffs' theories established that "[Nuna] plausibly had actual [presale] knowledge such that it created a duty to disclose."  Dkt. No. 73-1 at 12.  Plaintiffs argue that their amended complaint establishes that Nuna had presale knowledge that the car seats were defective because (1) there were over 300 consumer complaints regarding the product, which Nuna reviewed and responded to, and (2) Nuna made updates to the car seat in October 2023 (the "Rava Refresh").  Because the Court finds Plaintiffs' first theory dispositive, it does not reach Plaintiffs' argument regarding the Rava Refresh.

Plaintiffs contend they have sufficiently alleged that Nuna was aware of the defect at the time of sale because Nuna received at least 46 complaints prior to Plaintiffs' first purchase and over three hundred complaints before Plaintiffs' last purchase, accompanied by hundreds of photos and videos evidencing manifestation of the defect.  Dkt. No. 76 at 16.  Nuna argues that this is not enough to establish presale knowledge.  Dkt. No. 78 at 11 (citing *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136 (9th Cir. 2012)).  In *Wilson*, the Ninth Circuit found that plaintiffs' allegations that defendant received 14 complaints (some of which were undated or made after plaintiffs purchased the product at issue) did not support an inference that defendants were aware of the alleged defect.  668 F.3d at 1147.  Defendants contend that *Williams* stands for the proposition that Plaintiffs "must plead some baseline, some ratio, some reflection that the mere numbers [of complaints] are meaningful and meaningfully out of step as to impart knowledge and create a duty to disclose."  Dkt. No. 73 at 17; *see also Doyle v. FKA Distrib. Co., LLC*, No. 2:23-cv-10807-SPG-SSC, 2025 WL 3804500, at *10 (C.D. Cal. June 13, 2025) (holding plaintiffs failed to plausibly allege presale knowledge based on 138 negative reviews of subject products because they failed to "explain whether this is an unusually high number of customer complaints, either compared to other products sold by Defendants or compared to competitor products"); *Nickerson v. Goodyear Tire and Rubber Corp.*, No. 8:20-cv-00060-JLS-JDE, 2020 WL 4937561, at *9 (C.D. Cal. June 3, 2020) (finding that a NHTSA database with over "100 consumer

United States District Court
Northern District of California

complaints related to Marathon tires" was insufficient to allow the court to infer that defendant actually knew of the defect because there were no "allegations regarding the method by which complaints were recorded and transmitted to management, or otherwise reviewed or received."); *Deras v. Volkswagen Grp. of Am., Inc.*, No. 17-cv-05452-JST, 2018 WL 2267448, at *3 (N.D. Cal. May 17, 2018) (holding allegations of fifty-six consumer complaints over a seven-year period in which Volkswagen sold hundreds of thousands of vehicles were so few in number compared to the volume of total sales that it could not be inferred that the complaints would have put VW on notice of the defect); *Sloan v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2017 WL 3283998, at *7 (N.D. Cal. Aug. 1, 2017) ("[T]he Ninth Circuit has held that consumer complaints suffice to establish knowledge only where there were an *unusual* number of complaints, such that the manufacturer would be on notice of a specific problem.") (emphasis in original).

But presale complaints may form the basis for an inference of presale knowledge. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1026-27 (9th Cir. 2017) (finding the Ninth Circuit's jurisprudence has not held "that consumer complaints may never support an allegation of presale knowledge."). The *Williams* court found that plaintiff adequately established presale knowledge where defendant received "an unusually high volume of complaints" regarding the defect, leading defendant to establish "a dedicated customer care center." 851 F.3d at 1027-1028. The number of complaints sent to Nuna, combined with Nuna's request for pictures and videos of the defect, and their demand that some customers send the car seats back to Nuna for review adequately supports an inference that Nuna was aware of the design defect prior to Plaintiffs' purchases. *See Long v. Graco Children's Prods.*, Inc., No. 13-CV-01257-WHO, 2013 WL 4655763, at *7 (N.D. Cal. Aug. 26, 2013) (holding that plaintiff adequately alleged presale knowledge where customer complaints pre-dated plaintiff's purchase by a year and were on a database that defendant tracked); *Patrick v. Volkswagen Grp. of Am., Inc.*, No. 19-cv-1908-JVS, 2020 WL 3883275, at *4-5 (C.D. Cal. Mar. 5, 2020) (holding that plaintiff adequately alleged presale knowledge where defendant engaged with private Facebook group to directly respond to complaints regarding defect, provided targeted repair suggestions, and participated in vehicle buybacks). Similar to *Long* and *Patrick*, Plaintiffs allege that Nuna reviewed and replied to

United States District Court
Northern District of California

customer complaints and requested photos and videos of the defect. *See* FAC ¶¶ 86(d), 105. This assertion supports a plausible inference that Nuna was aware of the defect presale because it repeatedly engaged with customers complaining that the car seat was malfunctioning. *See Beaty v. Ford Motor Co.*, 854 F. App'x 845, 848 (9th Cir. 2021) ("Pre-sale customer complaints to both Ford and [NHTSA] create a triable issue as to whether Ford knew that its [products] were prone to spontaneously explode under ordinary use."). While "[c]onsumer complaints alone are not sufficient to establish pre-sale knowledge[,]" *Patrick*, 2020 WL 3883275, at *4, Plaintiffs have pleaded more. Because Nuna responded to complaints, requested photos and videos of the defect, and requested customers send their defective car seats back to Nuna, Plaintiffs have adequately supported an inference that Nuna knew of the defect presale. Accordingly, the Court DENIES Nuna's motion to dismiss Plaintiffs' claims to the extent they rely on an omissions-based theory.

### C. Negligent Misrepresentation

Plaintiffs do not dispute that their negligent misrepresentation claim cannot proceed on an omissions-based theory. *See* Dkt. No. 76 at 30. Because the Court dismissed all claims to the extent they rely on an affirmative misrepresentation theory, *see* Section III(A), the Court GRANTS Nuna's motion to dismiss Plaintiffs' negligent misrepresentation claim.

### D. Leave to Amend

Plaintiffs failed to identify actionable misrepresentations after being granted leave to amend to do so. Plaintiffs recognize as much, stating that their first amended complaint "contains limited new allegations as to Nuna's affirmative misrepresentations." Dkt. No. 76 at 26. Accordingly, the Court DISMISSES without leave to amend Plaintiffs' claims to the extent they rely on an affirmative misrepresentation theory, including the negligent misrepresentation claim, because amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding leave to amend may be denied due to "futility of amendment").

### IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss in part and **DENIES** the motion to dismiss in part. To the extent Plaintiffs' claims rely on an affirmative misrepresentation theory, the Court **DISMISSES** those claims, including Plaintiffs' negligent

misrepresentation claim, without leave to amend.  Otherwise, Nuna's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: July 1, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**

United States District Court
Northern District of California

9