UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NUNA BABY ESSENTIALS RAVA LITIGATION | Case No. 25-cv-01284-AMO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART OMNIBUS SEALING MOTION**<br><br>Re: Dkt. No. 92 |

Before the Court is the parties' omnibus sealing motion. Dkt. No. 92.[1] Having read the parties' motion and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court rules as follows.

## I.    LEGAL STANDARD

Pursuant to Civil Local Rule 79-5, the party seeking to file a document or portions of it under seal must explain "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). The request must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3). A party seeking to seal records must provide "compelling reasons" to overcome the "strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). The standard derives from the "common law right 'to inspect and copy public records and documents, including judicial records and documents.' " *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting

---

[1] This motion consolidates and supersedes the motions at docket numbers 68, 72, 75, 77, and 87.

United States District Court
Northern District of California

*Kamakana*, 447 F.3d at 1178).  To overcome this strong presumption, the party seeking to seal judicial records must "articulate compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (citations omitted).  The party must make a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).  It is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason" for sealing a court document.  *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).  Compelling reasons justifying sealing court records generally exist when such "court files might . . . become a vehicle for improper purposes" such as "releas[ing] trade secrets," *Kamakana*, 447 F.3d at 1179, or "as sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097; *see In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing trade secret information about "the pricing terms, royalty rates, and guaranteed minimum payment terms" in the parties' licensing agreement).  Compelling reasons must exist to seal records attached to motions that are "more than tangentially related to the merits of a case."  *Ctr. for Auto Safety*, 809 F.3d at 1101.

## II.    DISCUSSION

Nuna classifies the materials it seeks to seal into three categories: (1) customer feedback regarding the car seat that Plaintiffs allege suffered from a defect and details regarding customer service systems used by Nuna, (2) customer feedback that either (a) pertains to other Nuna products not at issue in this case or (b) pertains to the car seat at issue but postdates Plaintiffs' most recent purchase, and (3) personal identifying information of Nuna customers.  The Court discusses each category in turn.

### A.  Customer Feedback Pertaining to Car Seat at Issue / Customer Service Systems

Nuna requests that the Court seal "confidential customer feedback regarding the Rava model Plaintiffs allege was defective, including verbatim quotes, and details regarding the exact customer service department systems used by Nuna" arguing that this information is confidential

United States District Court
Northern District of California

sensitive business information that competitors "can and will use to gain an advantage over Nuna in a very competitive marketplace." Dkt. No. 92 at 3. Plaintiffs oppose this request. *Id.* at 8.

As pertains the customer feedback, Plaintiffs contend that the customer complaints are not confidential because they are known by third parties. *Id.* (citing *Kowalsky v. Hewlett-Packard Co.*, No. 5:10-CV-02176-LHK, 2012 WL 892427, at \*2 (N.D. Cal. Mar. 14, 2012) (holding customer complaints are "not confidential, 'because they are known by third parties—the customers reporting the complaints.' "). Nuna attempts to differentiate the instant case from *Kowalsky* by arguing that the document at issue in *Kowalsky* was "feedback from a single customer." Dkt. No. 92 at 16. This is a distinction without a difference. It remains that customer complaints are not confidential as they are known by the customers who complained. *See Kowalsky*, 2012 WL 892427, at \*2. Further, Nuna contends that the disclosure of the customer complaints regarding the alleged defect would harm its competitive standing. Dkt. No. 92 at 3-4. But the alleged defect is the subject of a public recall. *Id.* at 9. Thus, competitors are already aware of the subject of the customers' complaints, and Nuna has failed to establish how their disclosure would specifically harm its competitive standing. *See Phillips*, 307 F.3d at 1210-11 (requiring a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed). Regarding the customer service department systems used by Nuna, Nuna identifies no harm it would suffer were this information made public. *See generally* Dkt. No. 92-1. The declaration accompanying the sealing motion only mentions potential harm from the customer complaints, *id.* ¶ 9 ("The customer feedback data recited at length in the FACC and referenced in the motion to dismiss briefing is sensitive business information that is not shared publicly and that competitors can and will use to gain an advantage over Nuna in a very competitive marketplace."), but fails to mention potential harms related to the customer service department systems. For these reasons, and in light of the "strong presumption in favor of access" to court filings, *Kamakana*, 447 F.3d at 1178, the Court DENIES Nuna's request to seal the customer feedback pertaining to the car seat at issue and the customer service systems used by Nuna.

**B. Other Customer Feedback**

Nuna contends that the category two documents are subject to the lower "good cause" standard, as opposed to the "compelling reasons" standard, because these documents are "irrelevant to Plaintiffs' claims." Dkt. No. 92 at 4. Plaintiffs disagree. *Id.* at 10. Under either standard, the Court finds these materials are not sealable for the same reasons identified above, namely that the customer complaints are not confidential and that Nuna has failed to identify a specific harm that would result from the disclosure of either the customer complaints or the customer service department systems. *See* Section II(A). Accordingly, there is neither good cause nor compelling reasons to seal this information. The Court DENIES Nuna's request to seal this material.

**C. Nuna Customers' Identifying Information**

Last, Nuna requests that the Court seal its customers' personal identifying information. Dkt. No. 92 at 5-6. Plaintiffs do not object to this request. *Id.* Compelling reasons exist to seal customers' personal identifying information. *See Activision Publ'g, Inc. v. EngineOwning UG*, No. CV 2:22-CV-00051-MWF (JCX), 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) ("The Ninth Circuit has held that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."). Accordingly, the Court GRANTS Nuna's request to seal its customers' identifying information.

In sum, the Court rules as follows:[2]

| Document Title or description | Dkt. No. of redacted version | Dkt. No. of unredacted version | Party with burden to substantiate need to seal | Full or partial sealing sought | Nuna's brief statement of reasons for sealing | Granted/ Denied |
|---|---|---|---|---|---|---|
| Plaintiffs' First Amended Consolidated Class Action Complaint | 69 | 68-3 | Defendant | Partial. Table of contents, lines 10–11; page and line numbers: 4:11–14, 4:15–5:20, 16:1–17:11, 17:15–21, 17:26–38:22, | Category 1: Confidential customer feedback and identity of customer service systems that competitors can | DENY |

---

[2] Save the rulings in the far-right column, this table remains true to the one submitted by the parties at Dkt. No. 92-2.

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | 39:1–2, 44:10–11, 44:12, 44:13, 44:14–15, 44:17, 44:19, 45:18–22, 70:11–12, 70:20–21, 71:12. | and will use to gain an advantage over Nuna in a very competitive marketplace. | |
| | | | | Partial. Page and line numbers: 17:12–14, 17:22–25, 60:9–61:10. | Category 2(a): Irrelevant confidential customer feedback regarding Nuna products not subject to the recall, which also post-date Plaintiffs' purchases, that competitors can and will use to gain an advantage over Nuna in a very competitive marketplace. | DENY |
| | | | | Partial. Page and line numbers: 4:11–14, 4:15–5:5, 33:22–37:17, 38:17–22. | Category 2(b): Irrelevant confidential customer feedback about the product at issue that post-dates Plaintiffs' purchases that competitors can and will use to gain an advantage over Nuna in a very competitive marketplace. | DENY |
| | | | | Partial. Page and line numbers: 18:17–18, 19:16–17, 21:10–11, 22:22–23, 23:1–2, 23:22–23, 24:23, 25:6–7, 31:7, 31:11–12, 31:26, 33:1–2, 35:4, 36:3–4, | Category 3: Personal identifying information of non-parties. | GRANT |

United States District Court
Northern District of California

5

United States District Court
Northern District of California

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | 36:14–15, 60:23–24. | | |
| Plaintiffs' Redline Comparison of the Consolidated Complaint and First Amended Consolidated Class Action Complaint | 88 | 87-3 | Defendant | Partial. TOC, lines 10–11; page and line numbers: 6:3–6, 6:7–7:12, 22:9–10, 22:11–12, 22:12–13, 22:14–17, 22:17–18, 22:19–20, 22:21–23, 22:24, 23:1–27, 24:3–9, 24:14–45:8, 45:15–16, 51:21–22, 51:23, 51:24, 52, 1–2, 52:4, 52:6, 53:18–23, 86:5–6, 86:15–16, 87:8. | Category 1: Confidential customer feedback and identity of customer service systems that competitors can and will use to gain an advantage over Nuna in a very competitive marketplace. | DENY |
| | | | | Partial. Page and line numbers: 23:28–24:2, 24:10–13, 69:11–70:12. | Category 2(a): Irrelevant confidential customer feedback regarding Nuna products not subject to the recall, which also post-date Plaintiffs' purchases, that competitors can and will use to gain an advantage over Nuna in a very competitive marketplace. | DENY |
| | | | | Partial. Page and line numbers: 6:3–6, 6:7–25, 23:3–24:13, 40:9–44:3, 45:3–8. | Category 2(b): Irrelevant confidential customer feedback about the product at issue that post-dates Plaintiffs' purchases that competitors can and will use to gain an advantage over Nuna in a | DENY |

United States District Court
Northern District of California

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | very competitive marketplace. | |
| | | | | Partial. Page and line numbers: 25:5–6, 26:5, 27:26, 29:10–11, 29:16–17, 30:10, 31:11, 31:22–23, 37:22–23, 37:27, 38:14, 39:16–17, 41:17–18, 42:17, 42:28, 69:26. | Category 3: Personal identifying information of non-parties. | GRANT |
| Nuna's Motion to Dismiss the First Amended Consolidated Class Action Complaint | 73 | 72-2 | Defendant | Partial. Page and line numbers: 12:16, 12:17. | Category 1: Confidential customer feedback and identity of customer service systems that competitors can and will use to gain an advantage over Nuna in a very competitive marketplace. | DENY |
| | | | | Partial. Page and line number: 7:20. | Category 2(a): Irrelevant confidential customer feedback regarding Nuna products not subject, which also post-date Plaintiffs' purchases, to the recall that competitors can and will use to gain an advantage over Nuna in a very competitive marketplace. | DENY |
| Plaintiffs' Opposition to the Motion to | 76 | 75-3 | Defendant | Partial. TOC, lines 4–5, 12; Page and line numbers: 1:2–5, | Category 1: Confidential customer feedback and | DENY |

United States District Court
Northern District of California

| | | | | | | |
|---|---|---|---|---|---|---|
| Dismiss | | | | 1:6–7, 1:14–16, 1:17–18, 1:20, 2:10, 2:11–3:7, 3:8–9, 3:10–11, 3:13–22, 3:26–4:6, 4:8–9, 5:8–10, 5:10–11, 6:22, 7:7, 7:8, 7:11, 9:5–9, 9:11–12, 9:15, 9:18–21, 10:5–6, 11:6–11, 12:7, 12:9, 12:11, 12:12–14:26, 14:27, 15:5–6, 15:7–19, 15:20–21, 17:14–15, 18:14–15, 23:27–28. | identity of customer service systems that competitors can and will use to gain an advantage over Nuna in a very competitive marketplace. | |
| | | | | Partial. Page and line numbers: 4:1–6. | Category 2(a): Irrelevant confidential customer feedback regarding Nuna products not subject to the recall, which also post-date Plaintiffs' purchases, that competitors can and will use to gain an advantage over Nuna in a very competitive marketplace. | DENY |
| | | | | Partial. Page and line numbers: 1:17–18, 7:8, 18:14–15. | Category 2(b): Irrelevant confidential customer feedback about the product at issue that post-dates Plaintiffs' purchases that competitors can and will use to gain an advantage over Nuna in a very competitive marketplace.. | DENY |
| Nuna's Reply in | 78 | 77-3 | Defendant | Partial. Page and line numbers: | Category 1: Confidential | DENY |

| support of the Motion to Dismiss | | | | 5:21, 7:17–19, 7:19–20, 8:3, 8:5–6. | customer feedback and identity of customer service systems that competitors can and will use to gain an advantage over Nuna in a very competitive marketplace. | |

Where the Court denied a sealing request, counsel SHALL file the document with revised redactions on the docket in public format no later than July 9, 2026.

This order disposes of docket numbers 68, 72, 75, 77, 87, and 92.

**IT IS SO ORDERED.**

Dated: July 1, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

9